

**FILED**

MAY 11 2023

TIME_____M
ALAN T. SMITH, CLERK
ST. FRANCIS COUNTY

### IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
### CIVIL DIVISION

| | | |
|---|---|---|
| **MIESHA DAVIS, INDIVIDUALLY and as SPECIAL ADMINISTRATRIX OF THE ESTATE OF DEANTE SMITH, DECEASED** | | **PLAINTIFF** |
| VS. | NO. 62CV-23-107-4 | |
| **BIG C'S ENTERPRISES, LLC d/b/a FUN TIME SHOWS, UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, LLC, JOHN DOES 1-3, and JOHN DOE ENTITIES 1-3** | | **DEFENDANTS** |

### COMPLAINT

COMES NOW the Plaintiff, Miesha Davis, Individually and as Special Administratrix of the Estate of Deante Smith, Deceased, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff, Miesha Davis, is the Special Administratrix of the Estate of Deante Smith, deceased, pursuant to St. Francis County, Arkansas Probate Division Case No: 62PR-22-42. Plaintiff brings this claim on behalf of the Estate of Deante Smith, deceased.

2. Decedent, Deante Smith, was a citizen and resident of Forrest City, Arkansas at the time of his death.

3. Plaintiff, Miesha Davis, is the sister of Deante Smith and was at all times relevant

**EXHIBIT A**

a citizen and resident of Conway, Faulkner County, Arkansas.

4.  Defendant Big C's Enterprises, LLC d/b/a Fun Time Shows (hereinafter "Defendant Big C's") was, at all times relevant, a foreign for-profit business with its principal place of business in the State of Missouri Defendant Big C's registered agent for Service of Process is Clint Payne, who can be served at 10618 Highway 160E, Fairdealing, Missouri 63939.

5.  Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services, LLC (hereinafter "Defendant Allied Security") was at all time relevant, a foreign limited liability company, licensed to do business in the State of Arkansas. Defendant Allied Security's registered agent for Service of Process is the Corporation Service Company located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

6.  The true names and capacities of John Does 1-3 and John Doe Entities 1-3 are unknown to the Plaintiff and, who therefore sues said Separate Defendants under these fictitious names. On information and belief, John Does 1-3 and John Doe Entities 1-3, (I) are directly associated with the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, AND/OR (II) conspired with the named parties in this case in the performance of the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, AND/OR, (III) acted as principals or agents, actual or ostensible, or other named parties in this case associated with the wrongful acts and omissions described below, although the full extent of their involvement is not known at this time. Plaintiff thus believes that John Does 1-3 and John Doe Entities 1-3, are liable for the damages and for other relief sought in this case as participants, co-conspirators, principals, agents, insurers, vehicle owners, or are otherwise necessary or indispensable party to the adjunction of the issues involved

in this case. When the true names and capacities of John Does 1-3 and John Doe Entities 1-3 have been ascertained, appropriate amendments to this Complaint will be filed.

7. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, attesting that the identities of John Does 1-3 and John Doe Entities 1-3 are unknown, and it is attached hereto as **Exhibit A**.

8. The incident giving rise to this cause of action occurred on April 10, 2021 at a carnival operated by the Defendants at the Outlets of Little Rock located at 1 Bass Pro Drive in Little Rock, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to Ark. Code Ann. §16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

10. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury, which is St. Francis County, Arkansas.

## III. BASIC PREMISE

11. This is a negligence and wrongful death case which arises from a shooting that occurred on April 10, 2021 at 1 Bass Pro Drive in Little Rock, Pulaski County, Arkansas.

## IV. FACTS

12. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

13. Defendant Big C's, through employees and/or agents, operated a carnival/amusement park, as a business open to the general public, and the general public was invited to patronize this business.

14. Upon information and belief Defendant Big C's retained and employed the services of Defendant Allied Security to ensure the safety of its patrons.

15. Upon information and belief Defendant Allied Security operated as a private security company comprised of private employees to provide security at various events, separate from members of law enforcement.

16. On or about April 10, 2021, Separate Defendants Big C's and Allied Security operated an outdoor carnival/amusement park in the parking lot of the Outlets of Little Rock located at 1 Bass Pro Drive, Little Rock, Arkansas.

17. On or about April 10, 2021, at approximately 5:45 pm, Deante Smith, along with his young child and girlfriend, were patrons of the carnival/amusement park being operated by Defendant Big C's and Defendant Allied Security.

18. While Mr. Smith was in the carnival grounds, a man brandishing a firearm confronted him and shot him and others.

19. None of Defendants' employees and/or agents prevented the shooter from bringing a firearm into the carnival/amusement park.

20. Mr. Smith subsequently died from his injuries in the hospital.

## V. CAUSE OF ACTION NO. 1 – NEGLIGENCE OF DEFENDANTS BIG C'S AND ALLIED UNIVERSAL SECURITY SERVICES

21. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

22. At all times prior to and during the incident forming the basis of this lawsuit, Defendant Big C's was the proprietor, operator, and/or occupier of the carnival/amusement park premises described herein holding itself out as a business entity inviting members of the public to its carnival.

23. At all times prior to and during the incident forming the basis of this lawsuit, Defendant Allied Security operated the carnival/amusement park premises described herein performing security services for the public at the carnival.

24. Plaintiff was a patron and business invitee of Defendants whose patronage benefited the Defendants.

25. Defendants breached the duty owed to Plaintiff by failing to use ordinary care and exercise reasonable diligence to maintain and secure the premises in a reasonably safe condition on the date of the incident forming the basis of this lawsuit.

26. Defendants breached the duty owed to Plaintiff by failing to exercise reasonable diligence and ordinary care to prevent acts of violence as suffered by Plaintiff on the date of the incident forming the basis of this lawsuit.

27. Defendants breached the duty owed to Plaintiff by failing to use ordinary care and exercise reasonable diligence to prevent or deter acts of violence as suffered by Plaintiff on the date of the incident forming the basis of this lawsuit.

28. Defendants breached the duty owed to Plaintiff failing to use ordinary care and exercise reasonable diligence to act in accordance with generally accepted industry standards of care and best practices for carnival/amusement park safety and violence prevention which resulted in injury to Plaintiff on the date of the incident forming the basis of this lawsuit.

29. Defendants breached the duty owed to Plaintiff by failing to use ordinary care and exercise reasonable diligence to properly educate, instruct, supervise, and direct its employees and staff in accordance with generally accepted industry standards of care and best practices for carnival/amusement park safety and violence prevention which resulted in injury to Plaintiff on the date of the incident forming the basis of this lawsuit.

30. Defendants breached the duty owed to Plaintiff by failing to use ordinary care and exercise reasonable diligence to properly maintain adequate policies, procedures, and practices in accordance with generally accepted industry standards of care and best practices for carnival/amusement park safety and violence prevention which resulted in injury to Plaintiff on the date of the incident forming the basis of this lawsuit.

31. Defendants breached the duty owed to Plaintiff by failing to exercise reasonable diligence and ordinary care to notify law enforcement authorities of imminent danger to Plaintiff, thereby resulting in injury on the date of the incident forming the basis of this lawsuit.

32. Defendants knew or should have known by the exercise of reasonable care and diligence, that the probability of a criminal and/or violent event or occurrence of a similar nature and kind was foreseeable and likely to happen.

33. The negligent, careless, and reckless acts and omissions of Defendants consisted of one or more of the following:

    a. Defendants failed to employ, maintain, and assign appropriate employees and staff to prevent injury to Plaintiff;

    b. Defendants' employees and staff failed to exercise proper care to prevent injury to Plaintiff after learning of Plaintiff's peril;

c. Defendants failed to properly educate, instruct, teach, and direct its employees and staff to prevent injury to Plaintiff;

d. Defendants failed to properly educate, instruct, teach, supervise and direct its employees and staff in safety and violence prevention techniques and methods to prevent injury to Plaintiff;

e. Defendants failed to properly educate, instruct, supervise and direct its employees and staff in carnival/amusement park safety and violence prevention to prevent injury to Plaintiff;

f. Defendants failed to maintain and provide adequate safety and security policies, procedures, and programs to prevent injury to Plaintiff;

g. Defendants failed to exercise proper oversite, direction, supervision, and control of its safety and security policies, procedures, and programs to assure Plaintiff was adequately and properly protected from injury;

h. Defendants failed to properly and adequately educate, instruct, teach, and direct its employees and staff in emergency notification procedures to law enforcement authorities to prevent injury to Plaintiff; and,

i. Defendants knew, or should have known, under the totality of circumstances that the nature, character, condition, location, and proximity of its premises to interstate highways made incidents of violent crimes likely and making Plaintiff's injuries foreseeable.

34. Defendants knew, or should have known, on the premises it owned, operated, and controlled, that a similar incident such as the one involving Plaintiff would occur if adequate and

appropriate safety, security, and protection programs, policies, and procedures were not formulated, implemented, and properly maintained.

35. Defendants failed by act or omission to exercise proper oversite, direction, and control, and failed to formulate, implement, and properly maintain adequate policies and procedures which would have identified the inherent risk to business invitees and guests on the convenience store premises.

36. Defendants failed by act or omission to exercise proper oversite, direction, and control, and failed to formulate, implement, and properly maintain adequate policies and procedures to protect, prevent, and/or deter a harmful event or similar incident as the one forming the basis of this lawsuit from occurring on the convenience store premises.

37. Defendants negligently hired security guards, uniformed security personnel or other security personnel, and/or failed to provide a sufficient number of security guards, uniformed security personnel or other security personnel on Defendants' premises.

38. Defendants failed to provide adequate security measures screening patrons and allowed patrons to possess firearms on the premises of the carnival/amusement park.

39. Each and every, all and singular, of the foregoing acts and omissions on the part of Defendants taken separately and/or collectively constitute a direct and proximate cause of the injuries and damages suffered by Plaintiff as set forth herein.

40. The negligence of unknown employees and staff of Defendants Big C's and Allied Security for failing to use reasonable care to prevent the injury to Plaintiff, taken separately and/or collectively, constitute a direct and proximate cause of the damages suffered by Plaintiff and is imputed to Defendants as they were acting within the scope of their employment. To the extent necessary, Plaintiff hereby invokes the doctrine of *respondeat superior*.

## VI. CAUSE OF ACTION NO. 2 – SURVIVAL AND WRONGFUL DEATH OF ESTATE OF DEANTE SMITH

41.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

42.     As Special Adminstratrix, Miesha Davis is entitled to bring an action under the Arkansas Survival and Wrongful Death Statutes, Ark. Code Ann. §16-32-101 *et seq.*, for both survival and wrongful death actions on behalf of the Estate of Deante Smith and on behalf of the wrongful death beneficiaries.

43.     Deante Smith's death was a direct and proximate result of Defendants' negligence described above.

44.     As a direct and proximate result of Defendants' negligence, the heirs of Deante Smith have incurred and will continue to incur non-economic damages, including among other things, loss of affection, aid, care, comfort, companionship, society, great mental anguish, agony, and emotional distress, all to their damage.

45.     As a direct and proximate result of Defendants' negligence, the heirs of Deante Smith suffered and will continue to suffer economic damages, including loss of earnings, loss of income or support, loss of enjoyment of life, and other monetary loss.

## VII. PROXIMATE CAUSATION

46.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

47.     Defendants' negligent acts and omissions, taken separately and/or collectively, constitute direct and proximate causes of the injuries and damages suffered by Plaintiff.

9

## VIII. INJURIES AND COMPENSATORY DAMAGES

48. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

49. Deante Smith sustained personal injuries and died as a result of the negligence of the Defendants.

50. Deante Smith incurred medical expenses as a result of the incident.

51. The Estate of Deante Smith, which is represented in this litigation by Plaintiff Miesha Davis, Special Administratrix, has incurred funeral expenses and medical expenses.

52. Plaintiff is entitled to recover under Arkansas law for Deante Smith's wrongful death and survival damages for his heirs at law under A.C.A. §16-62-102 and A.C.A. §16-62-101, which includes but not limited to, the following measure of damages:

> (a) pecuniary injuries sustained, including benefits, goods, and services that the decedent would have contributed, including the instruction, moral training, and supervision of education that might have reasonably been given;
>
> (b) mental anguish suffered in the past and reasonably certain to be suffered in the future;
>
> (c) reasonable value of funeral expenses;
>
> (d) any scars, disfigurement, and visible results of the injuries sustained by the decedent; and,
>
> (e) the decedent's loss of life.

53. Plaintiff hereby demands loss of life damages to the full extent allowed under Arkansas law for the death of Deante Smith.

54. Plaintiff claims all damages allowed by Arkansas law for the wrongful death of Deante Smith.

55. The injuries and damages described herein have been suffered in the past and will be continuing into the future.

## IX. DEMAND FOR JURY TRIAL

56. Plaintiff hereby demands a trial by jury.

## X. DEMAND & PRAYER

57. Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

58. Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,
Attorneys for Plaintiff

By: _____

Jake M. Logan (ABN 2016133)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone:   (501) 868-2500
Fax (501) 868-2508
jlogan@rainfirm.com

ELECTRONICALLY FILED
St. Francis County Circuit Court
Betta S. Green, Circuit Clerk
2023-Apr-25 12:06:54
62PR-23-42
C01D02 : 3 Pages

# IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
# PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
DEANTE SMITH, DECEASED            CASE NO. 62PR-22-42

## ORDER APPOINTING SPECIAL ADMINISTRATRIX FOR AUTHORITY TO CONTRACT WITH COUNSEL, FILE SUIT OR PURSUE SETTLEMENT ON BEHALF OF THE ESTATE

On this date, there is presented to the Court the Petition of Miesha Davis for appointment as Special Administratrix of the Estate of Deante Smith, deceased. Upon consideration of such petition, and the facts and evidence in support thereof, the Court finds:

1. The decedent, Deante Smith, age 22, who resided in St. Francis County, Arkansas, died as the result of a shooting that occurred on or about April 10, 2021.

2. This Court has jurisdiction and venue because the deceased was a resident of this county.

3. Miesha Davis, surviving sister of the decedent, is the proper person and fully qualified by law to serve as Special Administratrix of such estate and administer the Estate of the deceased for this particular purpose.

4. Miesha Davis, as Special Administratrix of the Estate shall have the authority to authorize settlement or file a claim for personal injuries and/or wrongful death on behalf of the estate in a Court of competent jurisdiction and shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A., for the purpose of pursuing said settlement and/or litigation and that said contract for litigation is approved.

**EXHIBIT A**

5. No bond shall be required of the petitioner.

IT IS THEREFORE ORDERED that administration of the Estate of Deante Smith be and hereby is opened for the specific purpose of pursuing a legal claim for personal injuries and/or wrongful death; that Miesha Davis is named Special Administratrix of the Estate of the decedent to serve without bond; that Special Letters of Administration shall be issued to such person upon filing of her Acceptance of Appointment; that Miesha Davis as Special Administratrix shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A. for the purpose of negotiating settlement or pursuing a legal action on behalf of the estate and that said contract is approved, and after completion of the claim, shall be discharged as Special Administratrix of the estate without further proceedings.

_____
JUDGE

_____
DATE

Prepared by:

Jeremy McNabb, AR Bar 2003083
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72223
(501) 868-2500
(501) 868-2508 - facsimile
mcnabb@rainfirm.com

**EXHIBIT A**



Case Title:     DEANTE SMITH

Case Number:    62PR-23-42

Type:           ORDER APPT ADMINISTRATOR/IX

So Ordered

*Danny Glover* (signature)

Danny W. Glover, 1sl Circuit, Divison 2, Judge

Electronically signed by DWGLOVER on 2023-04-25 12:06:53    page 3 of 3

**EXHIBIT A**



**FILED**

**MAY 11 2023**

TIME:_____ M
ALAN T. SMITH, CLERK
ST. FRANCIS COUNTY

## IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
## CIVIL DIVISION

**MIESHA DAVIS, INDIVIDUALLY and as**            **PLAINTIFF**
**SPECIAL ADMINISTRATRIX OF THE**
**ESTATE OF DEANTE SMITH,**
**DECEASED**

VS.            CASE NO. 62CV-23-107-4

**BIG C'S ENTERPRISES, LLC d/b/a FUN**            **DEFENDANTS**
**TIME SHOWS, UNIVERSAL**
**PROTECTION SERVICE, LLC d/b/a**
**ALLIED UNIVERSAL SECURITY**
**SERVICES, LLC, JOHN DOES 1-3, and**
**JOHN DOE ENTITIES 1-3**

### AFFIDAVIT

**STATE OF ARKANSAS** )
                             )    ss:
**COUNTY OF PULASKI** )

Comes now Jake Logan, and states, upon oath, the following:

1. I am an attorney licensed in the State of Arkansas.

2. I represent the Plaintiff, Miesha Davis, Individually and as Special Administratrix Of The Estate Of Deante Smith, Deceased, in the above matter.

3. Plaintiff is seeking a judgment against unknown tortfeasors.

4. The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Entities 1-3 and John Does 1-3 and will be named as such in the Plaintiff's Complaint.

5. John Doe Entities 1-3 and John Does 1-3 will be identified during the discovery process by Plaintiff. They are sued individually and in their official capacity.

6. Upon determining the identities of John Doe Entities 1-3 and John Does 1-3, the Complaint will be amended by substituting the real name for the pseudo-name.

7. This affidavit is made pursuant to Ark. Code Ann. § 16-56-125.

Further affiant sayeth not.

_____
Jake Logan

May 9, 2023
Date

SWORN AND SUBSCRIBED before me on the 9th day of May 2023.

_____
Notary Public

_____
My Commission Expires